**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **KIM SCHOETTKER, individually and as representative of all persons similarly situated,** | ) ) ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| **Plaintiff,** | ) ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| **v.** | ) | **Civil Action No.: _____** |
| | ) | |
| **THE PROCTOR & GAMBLE COMPANY,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Kim Schoettker, by her undersigned attorneys for this class action complaint, alleges upon personal knowledge as to herself and her own actions, and upon information and belief, including the investigation of counsel, as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.     NATURE OF THE CASE

1.     This is a proposed class action brought by Plaintiff Kim Schoettker on behalf of herself and the below-defined Class against Defendant to obtain damages arising from and relating to the Defendant's unconscionable and/or deceptive representations and actions which resulted in its failure to honor the terms of a promotion.

2.     Specifically, the Defendant ran the P&G Spend $100, Save $25 program (the "Program"), which was a promotion in which the Defendant represented that consumers who purchased $100.00 worth of Defendant Proctor & Gamble Company's products from a Costco Wholesale Corporation's retail location during a set time period would then receive a $25.00 cash

card to Costco (the "Rebate") after submitting a claim form.

3.      Despite these representations, the Defendant did not intend to fulfill its obligations to Plaintiff and the Class Members by sending Rebates to all consumers who participated in the Program.

4.      Plaintiff and Class Members fully complied with the Terms and Conditions of the Program, but never received their promised cash card from Defendant.

5.      Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

## II.      PARTIES

6.      Plaintiff Kim Schoettker is an adult resident of Montgomery County, Alabama and was a resident of Montgomery County, Alabama at all times relevant to this Complaint.

7.      Defendant the Procter & Gamble Company ("P&G") is an Ohio corporation headquartered and with its principal place of business in Cincinnati, Ohio.  P&G may be served via its registered agent at: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## III.      JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over P&G because it is both headquartered in and has its primary place of business in the State of Ohio.  Therefore, in accord with the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. ___, 137 S. Ct. 1773, 1775 (2017), this Court has general personal jurisdiction over the Plaintiff's claims.

9.      Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least on member of the class is a citizen of a state different than that

of the Defendant.

10.     Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391(b)(1) and (2). Defendant P&G is a resident of this District under 28 U.S.C. § 1391(c)(2) in that it is an entity subject to this court's personal district.

11.     Venue is also proper in this District because Defendant P&G has marketed, sold or otherwise disseminated, and continues to market, sell or otherwise disseminate its products within this District.

12.     Further, the Terms and Conditions for the Program, drafted by P&G, state that:

> The parties hereby consent to the exclusive jurisdiction and venue of the courts located in Cincinnati, OH in any action to enforce (or otherwise relating to) these Terms and Conditions or relating to the Program.

## IV.     CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this class action pursuant to Rule 23 of the Ohio Rules of Civil Procedure. The requirements of Rule 23(a), (b)(1) and (b)(3) are met with respect to the classes defined as:

> **All United States Persons who participated in the Program, fulfilled all of the conditions required by the Program's Terms and Conditions, but did not receive a Rebate.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) P&G, its affiliates, employees, officers and directors; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

14.     Plaintiff reserves the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiries to determine the Defendant's liability.

15.     *Numerosity*: The Class is composed of hundreds or thousands of persons geographically dispersed, the joinder of whom in one action is impractical.  The number of class members can be determined by appropriate discovery.

16.     *Commonality*: Defendant's practices and omissions were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class.  Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class.  These common legal and factual issues include, but are not limited to, the following:

   a.  Whether a valid contract existed between Defendant and participants in the Program, including Plaintiff and other Class Members;

   b.  Whether Defendant breached said contract by failing to send Rebates to Plaintiff and other Class Members who met the requirements to receive a Rebate as set forth in the Terms and Conditions;

   c.  Whether Defendant's inducement of Plaintiff and other Class Members into purchasing P&G's products by promising that they would receive a Rebate without sending them a Rebate constituted an unfair or deceptive act in violation of the Ohio Consumer Sales Practices Act;

   d.  Whether Defendant did not intend to fulfill the reasonable public demand for the Rebate; and

   e.  Whether the Defendant was unjustly enriched by the participation of Plaintiff and Class Members in the Program.

17.     *Typicality*: Plaintiff's claims are typical of the claims of the other Class Members.  Plaintiff and each of the other Class Members have been injured by the same wrongful practices and actions of the Defendant.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class Members' claims and are based on the same legal theories.

18.     *Adequate Representation*: Plaintiff will fully and adequately assert and protect the interests of the other Class Members.  In addition, Plaintiff has retained class counsel who are

experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor its attorneys have any interests contrary to or conflicting with other Class Members' interests.

19. *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and Courts throughout the country would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## V.     FACTS

### A.     Common Factual Allegations

20. The P&G Spend $100, Save $25 (the "Program") ran from September 5, 2018 at 12:00:00 a.m. Pacific Time to September 30, 2018 at 11:59:59 p.m. Pacific Time.

21.     Under the terms of the Program, P&G offered Class Members the opportunity to receive a $25 Costco Cash Card (the "Rebate") when they purchased $100 (after discounts and before taxes) or more worth of participating P&G products (as identified in the Terms and Conditions) from Costco.

22.     While the Program's Terms and Conditions included a two-Rebates-per-household limitation, it did not otherwise advertise, disclaim or notify Class Members that there was only a

limited supply of Rebates to be distributed to Class Members participating in the Program.

23.      Upon information and belief, the Defendant is a Fortune 500 company and is both an experienced participant in the retail marketplace and is experienced in running promotions, such as the Program.

24.      Consumers participating in the program would need to (a) make a qualified purchase of one hundred dollars' worth of P&G products, (b) scan or photograph a copy of their receipt, and (c) upload the image of their receipt and complete a claim form on www.getpgoffer.com.[1]

25.      All submissions for a Rebate had to have been uploaded by October 30, 2018 at 11:59:59 p.m. Pacific Time (the "Deadline").[2]

26.      Members of the Class, including Plaintiff, timely submitted claim forms and followed the instructions to receive a Rebate.

27.      However, upon information and belief, the Defendant advertised the Program with the intent not to supply the reasonably expected public demand for Rebates.

28.      Consequently, Defendant failed to send Rebates to the Class Members, despite said Class Members having satisfied the requirements to receive a Rebate as set forth in the Program's Terms and Conditions.

**B.      Facts Specific to Plaintiff**

29.      On September 17, 2018, Plaintiff purchased over $100 of P&G products identified in the Program's Terms and Conditions as being "Participating Products" from a Costco location

---

[1] There was also an option to participate in the Program by completing a claim form and mailing it in.
[2] For those Class Members who elected to mail their claim form in, it needed to be post-marked by October 30, 2018.

in Montgomery, Alabama.

30.    Plaintiff timely submitted her claim form via the www.getpgoffer.com website.

31.    However, Plaintiff never received her Rebate and, subsequently, contacted Defendant several times beginning on or about November 21, 2018. Over the course of the next two to three months, Plaintiff was repeatedly assured by Defendant that her Rebate was "in the mail." At one time, she was assured that it was being sent to her via Federal Express.

32.    Plaintiff's last contact with Defendant was on or about February 12, 2019, when Defendant stopped assuring her that her Rebate was in the mail, and, instead, simply informed Plaintiff that the Program had ended and to "contact Costco customer service at your local building" if she had additional questions.

33.    To date, Plaintiff has not received her Rebate.

## VI.    CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

34.    Plaintiff, on behalf of herself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

35.    A valid contract existed between Defendant and Plaintiff and the Class Members. The Program constituted an offer on the part of the Defendant, and the participation of Plaintiff and the Class Members in the Program by submitting valid claim forms constituted acceptance of the Defendant's offer.

36.    The Defendant breached its contract with Plaintiff and the Class Members by failing to send them their Rebates.

37.    Plaintiff and the Class Members performed all duties, obligations and conditions required by the Program's Terms and Conditions.

7

38.     As a direct and proximate consequence of Defendant's breach of its contracts with Plaintiff and the Class Members, Plaintiff and the Class Members have been injured and damaged by not receiving the Rebate.

## COUNT II
## VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (OHIO REV. CODE § 1345.01 *et seq*)

39.     Plaintiff, on behalf of herself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

40.     Defendant violated O.R.C. §1345.03 when it (1) represented to Plaintiff and the Class Members that they would receive a Rebate for participating in the Program and then (2) failed to honor its obligations under the terms of the Program by refusing to send Plaintiff and the Class Members their Rebates.

41.     Such representations and actions described herein are unconscionable and in violation of O.R.C. §1345.03(A), and is specifically, among others and not limited to, in violation of (1) O.R.C. §1345.03(B)(3) in that the Defendant knew at the time the consumer transaction was entered into of the inability of Plaintiff and the Class Members to receive a substantial benefit from the Program; and (2) O.R.C. §1345.03(B)(4) in that the Defendant knew that at the time the consumer transaction was entered into that there was no reasonable probability of payment of the Rebate to Plaintiff and the Class Members.

42.     As a direct and proximate result of Defendant's violation of O.R.C. §1345.03(b)(3) and (4), Plaintiff and the Class Members have been damaged in an amount that will be proven at trial.

## COUNT III
## DECEPTIVE TRADE PRACTICE UNDER O.R.C. §4165.02

43.     Plaintiff, on behalf of herself and all others similarly situated, adopt and incorporate

by reference all foregoing allegations as though fully set forth herein.

44.     Defendant violated O.R.C. §4165.02 when it (1) represented to Plaintiff and the Class Members that it would send them a Rebate for participating in the Program and then (2) failed to honor its obligations under the terms of the Program by refusing to send Plaintiff and the Class Members their Rebates.

45.     Such representations were made by Defendant in the course of its business, and violated O.R.C. §4165.02(A)(11) in that it advertised the Program without the intent of providing Plaintiff and the Class Members with Rebates.

46.     Such representations further violated O.R.C. §4165.02(A)(13) as Defendant did not intend to fulfill the reasonably expected public demand for the Rebates, and the Terms and Conditions of the Program did not disclose that said Rebates were limited in quantity.

47.     By making these representations, Defendant willfully engaged in the deceptive trade practices listed in O.R.C. §4165.02(A)(11) and (13).

48.     Plaintiff and the Class Members have been injured in a direct and proximate result of Defendant's commission of said deceptive trade practices, and were damaged in an amount to be proven at trial.

## COUNT IV
## UNJUST ENRICHMENT

49.     Plaintiff, on behalf of herself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

50.     As a result of Defendant's deceptive, unconscionable, fraudulent and misleading advertising regarding the Program, Plaintiff and the Class Members have conferred a benefit on Defendant by purchasing—at a minimum—$100.00 worth of P&G's products from Costco.

51.     Defendant has received, and is aware that it has received, this benefit from

consumers such as Plaintiff.

52. Under these circumstances, it would be unjust or inequitable to permit Defendant to retain the benefit received from consumers, including Plaintiff, without payment back to Plaintiff and the Class Members who conferred the benefit upon the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, pursuant to Fed. R. Civ. Pr. Rule 23, appointing Plaintiff as representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiff and the Class;

c. For equitable and/or injunctive relief for the Class;

d. For payment of costs of suit herein incurred;

e. For both pre-judgment and post-judgment interest on any amounts awarded;

f. For punitive damages;

g. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

h. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and on behalf of the Class Members, hereby demands a trial by jury as to all issues so triable.

Dated: July 17, 2019

Respectfully Submitted,

**COLLINS, ROCHE, UTLEY & GARNER, LLC**

*/s/ David G. Utley*_____
DAVID G. UTLEY (0038967)
520 S. Main Street, Suite 2551
Akron, Ohio 44311
Direct Dial:     (234) 231-1617
Telephone:     (330) 247-2200
Facsimile:     (330) 247-2205
Email:          dutley@cruglaw.com

**HENINGER GARRISON DAVIS, LLC**

*s/Gayle L. Douglas*_____
Gayle L. Douglas (6971-e63d)
Mark R. Ekonen (0204-r79e)
2224 1st Avenue South
Birmingham, AL 35203
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332
Email:          gayle@hgdlawfirm.com
                mark@hgdlawfirm.com
***Pro Hac Vice Pending***

Attorneys for the Plaintiff

## ENDORSEMENT FOR JURY DEMAND

Plaintiff demands trial by jury for all issues triable by law.

Respectfully Submitted,

**COLLINS, ROCHE, UTLEY & GARNER, LLC**

*/s/ David G. Utley*_____
DAVID G. UTLEY (0038967)
520 S. Main Street, Suite 2551
Akron, Ohio 44311
Direct Dial:     (234) 231-1617
Telephone:     (330) 247-2200
Facsimile:     (330) 247-2205
Email:          dutley@cruglaw.com

11

## PRAECIPE TO THE CLERK

Please serve the following via certified mail return receipt requested pursuant to Ohio

Rules of Civil Procedure:

**THE PROCTOR & GAMBLE COMPANY**
One Procter & Gamble Plaza
Cincinnati, OH 45201
USA

C/O Statutory Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219,

**Ohio Attorney General**
Consumer Division
30 East Broad Street
14th Floor
Columbus, Ohio 43215

/s/ David G. Utley
David G. Utley, Esq.